## Case No. 16,136.

### UNITED STATES v. REED.

[1 Lowell, 232.] [1]

District Court, D. Massachusetts. March, 1868.

VIOLATION OF INTERNAL REVENUE LAWS—DISTILLERIES—NOTICE TO COLLECTOR—INDICTMENT.

1. The doctrine of charging an offence in the words of the statute, considered.

2. Section 25 of the act of 1866 (14 Stat. 154), requiring the maker of a still to be used for the purpose of distilling, to notify the collector where such still is to be used or sent, and by whom it is to be used, and of its capacity, &c., means that the maker of every still intended for distilling spirits within the United States must notify the collector of internal revenue of the district in which it is intended to be so used, of these particulars, and an indictment should supply the omissions of the statute, and allege the offence according to its true meaning.

3. A charge that the defendant made a still, "to be used for the purpose of distilling," and that the same was removed with the defendant's knowledge and consent "to a district within the said United States, to your jurors unknown, without notifying the collector of the district in which said still was intended to be used" of the requisite particulars, is defective for not alleging affirmatively that the still was intended to be used within the United States, and for distilling spirits, and that the defendant failed to give the notice, and that the district in which it was to be used was unknown to the jury.

[This was an indictment against William G. Reed upon the charge of violating the internal revenue law. Heard on a motion in arrest of judgment.]

H. D. Hyde, Asst. U. S. Dist. Atty.

R. Morris, for defendant.

LOWELL, District Judge. The defendant has been convicted under section 25 of chapter 184 of the statutes of 1866 (14 Stat. 154) for a failure to notify a collector of internal revenue concerning a still which he had made, and now moves in arrest of judgment for alleged defects in the indictment.

The law enacts, that any person who shall manufacture any still, to be used for the purpose of distilling, shall, before the same is removed from the place of manufacture, notify the collector where such still is to be used or sent, and by whom it is to be used, and of its capacity. &c., and if he fail to give such notice, he shall be fined. It is apparent that this statute leaves much to be supplied, and is not an easy one on which to frame an indictment. It means that when a still is made for the purpose of distilling *spirits within the United States*, the maker is to notify the collector *of internal revenue of the district in which it is intended to be so used* where it is to be used or sent, and when, and by whom, &c. I have underlined the words which the statute omits, and an indictment ought to supply them, or something which, to

a common intent, will fairly express the same meaning. The general rule that the words of a statute are to be followed in an indictment is not absolutely and always true. On the one hand it is often sufficient, when the statute expresses a simple and clear meaning in one way that the indictment should give the same meaning clearly in another way. And on the other hand, when the statute is itself elliptical so that its meaning must be gathered from the context or from other parts of the same or other statutes, the indictment, which has not the advantage of such aids in its interpretation, must of itself allege a crime according to the true intent of the statute. Both these exceptions or explanations amount only to this, that the statute crime may and must be laid with reasonable certainty according to the true meaning of the law.

In this case the charge in the indictment is, that the defendant made the still at his shop in Chelsea, "said still to be used for the purpose of distilling," and that after it was made, the said still was removed with the knowledge and consent of the defendant, "to a district within the said United States, which said district is to your jurors aforesaid unknown, without notifying the collector of internal revenue of the district in which said still was intended to be used" of the requisite particulars.

This indictment fails to charge affirmatively, that the still was intended to be used within the United States, or for distilling spirits, or that it was the defendant that failed to give the notice. The statement that the collector of the district in which the still was intended to be used was not notified, is not an affirmation that there was any such district. Every fact here charged would be true of a still for making petroleum, and removed from Chelsea to Boston for shipment to Canada, and of a failure by the person who removed it to notify the collector, and of a still intended to be used in a district well known to the grand jurors; for their ignorance is of the district to which it was removed which is not averred to be the same in which it was intended to be used.

I do not find here the certainty of allegation which the criminal law, wisely or not, requires in charging an offence. Judgment arrested.